UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

**06-225**

**CIV - HUCK**

MAGISTRATE JUDGE
SIMONTON

JOHN R. ROSCIO,

    Plaintiff,

v.

JOSEPH MARTIN DOBKIN,

    Defendant.

_____/

## COMPLAINT
### JURY DEMAND

## INTRODUCTION

1.    Plaintiff, JOHN R. ROSCIO, brings this action to secure redress against unlawful debt collection practices engaged in by Defendant, JOSEPH MARTIN DOBKIN, Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k of the Fair Debt Collection Practices Act.  Venue in this District is proper because Plaintiff resides here and the collection letter issued was sent into this District.

**PARTIES**

3.     Plaintiff, JOHN R. ROSCIO ("the consumer"), is an individual who resides in the Southern District of Florida.

4.     Defendant, JOSEPH MARTIN DOBKIN ("the debt collector"), is an attorney with its principal place of business at Penthouse Three, Marcus Centre, 9990 Southwest 77 Avenue, Miami, Florida 33156-8115.

5.     The debt collector regularly uses the United States Mail and or instrumentalities of interstate commerce in a business the principal purpose of which is the collection of debts or regularly collects or attempts to collect debts for other parties.  It is a "debt collector" as defined in the FDCPA.

**FACTS**

6.     On August 11, 2006, Defendant sent Plaintiff the collection letter attached as Exhibit A ("the collection letter"), seeking to collect an alleged debt incurred for personal, family or household reasons, more specifically, an alleged debt with respect to a purported contract for remodeling of the Plaintiff's residence. Plaintiff received it shortly thereafter.

7.     Based upon information and belief, the collection letter is the first letter the debt collector sent to the consumer regarding the alleged debt stated therein.

8.     The collection letter is the first letter the consumer received from the debt collector regarding the alleged debt stated therein.

## COUNT I – FDCPA

9.     Plaintiff incorporates Paragraphs 1 through 8.

10.    Defendant violated the FDCPA by failing to include the notice required by section §1692g of the FDCPA in the collection letter.

11.    Defendant violated §1692e of the FDCPA by asserting a legal right that is not a valid legal right when it asserted the right to attorney fees when no such right exists and when Defendant falsely threatened litigation within 10 days.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Statutory damages up to $1,000.00.

b.     Attorney's fees, litigation expenses and costs of suit;

c.     Such other or further relief as the Court deems proper.

## COUNT II

## FLORIDA CONSUMER COLLECTION PRACTICES ACT

12.    Plaintiff incorporates Paragraphs 1 through 8.

13.    Defendant knowingly and falsely claimed a legal right to attorney fees when not authorized by law.

14.     Defendant thereby violated, including but not limited to, Florida

Consumer Collection Practices Act, Fla. Stat. §559.72 (9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

        a.     Statutory damages up to $1000.00.

        b.     Attorney's fees, litigation expenses and costs of suit;

        c.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this /8 day of October, 2006.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com

By: _____
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658

# EXHIBIT A

LAW OFFICES
# JOSEPH MARTIN DOBKIN
MARCUS CENTRE
9990 S.W. 77TH AVENUE
PENTHOUSE THREE
MIAMI, FLORIDA 33156-2661

TELEPHONE (305) 661-7000
TELECOPIER (305) 274-0220

URL: http://www.Dobkinlaw.com
e-mail: Dobkinlaw@aol.com

August 11, 2006

Mr. John Roscio
3801 Braganza Avenue
Miami, FL 33133

Re: _My Client: Carl J. Rossetti/CJR Construction, Inc._
_Renovation at 3801 Braganza Avenue, Miami, FL 33133_
_Amount due: $55,000.00_

Dear Mr. Roscio:

Kindly note that the law offices of the undersigned represents Mr. Carl J. Rossetti and CJR Construction, Inc. with respect to a debt you owe in the amount of $55,000.00 which you have failed to pay. Mr. Rossetti gave you various credits, including, but not limited to: $4,000.00 and then a credit for paint of $3,000.00. There were many extras that were not dealt with in the original contract. Your frequent and continuing changes, your travel out of town, your own delay in providing various fixtures and specialty items which _you_ wanted installed, many times after the fact, attributed to the delay.

You and Mr. Rossetti agreed to a final bill on or about November 6, 2005, at which time you were given a complete box of receipts and final bill listing all specified extras. The final bill was going to be $108,500.00. With respect to delays, the entire scope of the original job had changed. Over $200,000.00 in extra work had to be performed. It took you over 11 months to make your final decisions as to finishes, including, but not limited to: cabinetry, doors, base, tile, and granite tops.

You are **incorrect** that you are able to withhold the entire balance as further payment when you have failed to comply with the contractual terms. Mr. Rossetti called for final zoning inspection three times, and you failed to be home to let the inspector in.

Mr. Rossetti has already compensated you and has discounted items in various ways, to wit:

1.     You owed him $75,000.00 since January of 2005, at which time you had no money and were unable to pay the balance due. Mr. Rossetti continued to use the money owed to complete the project. He could have stopped working until he was paid up to that date.

Mr. John Roscio
August 11, 2006
Page Two

2.      You were unable to make a decision or do certain things to your liking, which resulted in an unnecessary delay to all of the tradesmen that were involved in and participated in the project.

3.      You were not charged an additional 20% on extra work done by the cabinet maker.  Therefore, you had custom made cabinetry, etc. at no additional expense to you.  Mr. Rossetti saved you over $8,000.00 when the drywall was done and the cabinets were due to be installed, but could not, that would be usual under the circumstances.

4.      Mr. Rossetti only charged 15% mark-up on all extras, not the 20% agreed upon by the contract which would saved you $5,750.00.

5.      Mr. Rossetti did not charge you 20% on the pool man, which saved you $1,500.00.

6.      Mr. Rossetti did not charge you interest on the $75,000.00 that was owed, and that is still mostly owed to this date.  This saved you, at least, $5,000.00.

7.      When there were days of non-activity, Mr. Rossetti was at your home and was not drawing any income, whatsoever.  You could not make a decision, and therefore, they could not progress with the job.  The architect suggested to Mr. Rossetti that he charge a base of $700.00 per week, whether work was done or not, even though he was appearing at your home to do work.  This resulted in a savings of over $10,000.00 to you.

8.      Mr. Rossetti gave you back $3,500.00 because you claimed that you were disappointed that there were a few drops of paint on the walls.  He gave you $4,000.00 off of the final bill.

9.      Mr. Rossetti did not charge you $400.00 to sod the front of the house and he paid the plumber $190.00 to reinstall a defective toilet purchased by you.

The list goes on and on.  Recently, you have made a few statements to Mr. Rossetti about touch-up items and matters which you want done.  However, you cannot request additional

Mr. John Roscio
August 11, 2006
Page Three


work to be done when you have not paid your bills to date.  If they are paid, I am sure that
Mr. Rossetti will make good on any matters that he handled to your liking.

We are hereby making a demand upon you for the balance due of $55,000.00, plus
$1,000.00 in attorney's fees incurred by Mr. Rossetti, to date.  If we do not hear from you
with payment in full within ten (10) days from the date of this letter, we will have no choice
but to file an immediate lawsuit against you in the Circuit Court of Miami-Dade County,
Florida, after which you will also be responsible for prejudgment interest, costs, and
attorney's fees.

This is our final demand for the $55,000.00 plus $1,000.00 in attorney's fees.  If we do not
receive same by the close of business on August 21, 2006, we will file a lawsuit against
you.

**Consider yourself forewarned and govern yourself accordingly!**

Very truly yours,

Joseph M. Dobkin

JMD:pat
cc:file
cc:Carl J. Rossetti


**This is an attempt to collect a debt.
Any information obtained will be used for that purpose.**


LAW OFFICES
JOSEPH MARTIN DOBKIN
MARCUS CENTRE, 9990 S.W. 77TH AVENUE, PENTHOUSE THREE, MIAMI, FLORIDA 33156-2699
TEL (305) 661-7000 FAX (305) 274-0220 E-MAIL: Dobkinlaw@aol.com URL: http://www.dobkinlaw.com

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV - HUCK**

**MAGISTRATE JUDGE SIMONTON**

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| John R. Roscio, | Joseph Martin Dobkin |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **DADE**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842

FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

1:06CV 22574 PCH / AMS

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | | 2 |
| Citizen or Subject of a Foreign Country | ☐ | ☐ | Foreign Nation | ☐ | ☐ |
| | 3 | 3 | | 3 | 3 |

## IV. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.**   **1-2**   days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

## NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | **A CIVIL RIGHTS** | **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | | | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1. Original Proceeding
☐ 2 Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7. Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P. 23 | CLASS ACTION No | DEMAND $ N/A | ☐ Check YES only if demanded in complaint JURY DEMAND: | ☒ YES ☐ NO |
|---|---|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   DOCKET NUMBER _____

DATE October 18, 2006   SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT

FOR OFFICE USE ONLY: Receipt No. 538470   Amount: 350.00
Date Paid: _____   M/ifp: _____

S/F 1-2
REV. 9/94